UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES P. McCOY, :
:
      Plaintiff, : Civ. No. 15-7478 (RBK) (KMW)
:
v. :
:
STATE TROOPER MUNYON, et al., : **OPINION**
:
      Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

The plaintiff is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice as it is untimely.

## II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names two defendants in this case: (1) State Trooper Munyon; and (2) State Trooper Tortella.

Plaintiff's allegations relate to an incident that occurred on August 4, 2011. Plaintiff was a passenger in an automobile which was being driven by the mother of his children, Dominique

Ziegler. The automobile was stopped by Munyon after he observed the vehicle not making a complete stop at a stop sign. Munyon stated that Ziegler's eyes appeared bloodshot and he detected the odor of burnt marijuana. Ziegler passed field sobriety tests, but Ziegler was still arrested for reference of odor of burnt marijuana.

Tortella approached the passenger side of the vehicle. After identifying plaintiff, he placed him under arrest for the same offense. Munyon sought consent to search the vehicle, but Ziegler refused.

Ziegler and plaintiff were then transported to the trooper barracks. While there, the troopers again asked Ziegler for her consent to search the vehicle which was again denied. However, when it became clear that there would be a lengthy delay until a warrant could be obtained to search her vehicle, she told the troopers she had two small bags of marijuana in her purse and that she would consent to a search of her car. Zeigler then gave a statement to the police.

A search of the car revealed a small amount of marijuana in Zeigler's purse and cocaine in the rear passenger compartment. Plaintiff was indicted for possession and intent to distribute offenses. Ultimately, however, plaintiff successfully moved to suppress the evidence because Ziegler's consent was determined to be involuntary.

Plaintiff is deemed to have filed his complaint in this Court on September 23, 2015 pursuant to the prisoner "mailbox rule" as the date on the complaint. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren,* No. 12–0993, 2012 WL 1344828, at *1 n. 2 (D.N.J. Apr.16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Plaintiff alleges that defendants Munyon and Tortella violated his

constitutional rights by unlawfully searching Ziegler's vehicle as well as unlawfully arresting him without probable cause. He seeks monetary damages as relief.

### III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV. DISCUSSION

Plaintiff's complaint arises from an incident that occurred between him and the defendants on August 4, 2011. Plaintiff did not file his complaint until September, 2015. Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

Plaintiff's unlawful search and unlawful arrest claims are barred by the two-year statute of limitations. The claims accrued at or around the time the time of the search, August 4, 2011, yet plaintiff did not file his complaint until more than four years later. *See Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (stating that unlawful search and seizure claim accrued on date of search and seizure as that was the moment plaintiff "indisputably knew about the alleged faults of the search and seiezure"); *MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) ("[A]ny Fourth-Amendment claim accrued on the same day as the allegedly unlawful search and seizure.") (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *see also Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) ("Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the

injury.") (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). The fact that plaintiff had criminal proceedings ongoing during this period does not change this outcome. *See Rodwell v. Weaver*, No. 12-0989, 2012 WL 4955249, at *5 (D.N.J. Oct. 10, 2012) ("The limitations period is not tolled by the pendency of state criminal proceedings. Any federal Section 1983 claim based on the Fourth Amendment, then, must be brought within the statute of limitations, irrespective of pending or concluded state criminal proceedings.") (citing *Wallace v. Kato*, 549 U.S. 384, 393-97 (2007)); *see also Jackson v. Davis*, No. 13-1717, 2014 WL 3420462, at *17 (W.D. Pa. July 14, 2014) ("[F]ederal courts have routinely held, with respect to Fourth Amendment claims premised on illegal search and seizure or false arrest . . . that the limitations period is not tolled by the pendency of state criminal proceedings.") (citations omitted).

With respect to whether the statute of limitations should be tolled, "'[s]tate law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency of persons liable).  Nevertheless, the complaint as pled does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002)).

The complaint is devoid of any allegations as to why this Court should equitable toll the statute of limitations.

Accordingly, it is apparent from the complaint that plaintiff's claims are barred by the statute of limitations and therefore must be dismissed. *See Ostuni*, 532 F. App'x 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("A district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run."). This dismissal will be without prejudice to the filing of an amended complaint (if plaintiff elects to do so) within thirty days, in which plaintiff may assert any facts that may demonstrate a basis for tolling the applicable statute of limitations.

## V.     CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted because it is barred on its face by the statute of limitations. An appropriate order will be entered.


DATED:   December 1, 2015                                       s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge